IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, a minor through her mother and father, ) ) ) Plaintiff, ) ) ) v. ) ) BOARD OF EDUCATION OF THE ) COMMUNITY HIGH SCHOOL ) DISTRICT 218, TY HARTING, ) Individually and his official capacity, JOHN ) HALLBERG, individually and his official ) capacity, MIKE JACOBSON, individually ) and his official capacity, KEN STYLER, ) individually and his official capacity, ) RAYMOND VAN SYCKLE, individually, ) ) Defendants. ) | Case No.: 2016 CV 6646 Judge: Hon. Charles R. Norgle, Sr. Magistrate Judge: Hon. Mary M. Rowland |

**DEFENDANT RAYMOND VAN SYCKLE'S MOTION TO DISMISS
COUNTS I, III, V, VIII, AND IX OF PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant, Raymond Van Syckle, by and through his attorneys, Glasgow & Olsson, and moves this Court to dismiss Counts I, III, V, VIII, and IX of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and in support of this motion, states as follows:

**FACTS**

Plaintiff's Amended Complaint in this matter alleges nine causes of action: (1) 42 USC § 1983; (2) 20 USC § 1681(a) Gender Discrimination; (3) Assault and Battery; (4) Willful and Wanton Retention/Failure to Supervise; (5) Intentional Infliction of Emotional Distress; (6) Premises Liability; (7) Indemnification; (8) False Imprisonment; and (9) Invasion of Privacy.

1

Plaintiff asserts these causes of action as a result of an alleged incident on October 30, 2015 at Richards High School wherein she alleges that Defendant, Raymond Van Syckle, recorded her while she was changing in the locker room used by female students in conjunction with the school's swimming pool.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a Fed. R. Civ. P.12(b)(6) motion to dismiss, courts are bound to accept as true only well-pled factual allegations sufficient to demonstrate a right to relief "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). This standard requires more than a recitation of the elements of a cause of action, or "legal conclusion[s] couched as a factual allegation[s]." Id. (citation omitted.) "[T]he court must accept as true all facts alleged in the complaint as well as reasonable inferences based on those facts." Banks v. Chicago Bd. of Educ., 895 F.Supp. 206, 208 (N.D.Ill 1995) (citation omitted). If the complaint does not provide sufficient factual allegations to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, the complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

## COUNT I: 42 USC § 1983

### A. SECTION 1983

Count I of Plaintiff's Amended Complaint fails to set forth sufficient factual allegations to support its claim. Section 1983 states that every person who, acting under the color of law, "subjects, or causes to be subjected," anyone to a constitutional deprivation shall be liable to that

injured party. 42 USC § 1983. For an individual defendant to be liable under § 1983, that individual defendant "must have participated directly in the constitutional violation." Hildebrandt v. Illinois D.N.R., 347 F.3d 1014, 1039 (7th Cir., 2003). Paragraph 3 of Plaintiff's Amended Complaint states in part "Defendant Raymond Van Syckle… was employed as an equipment manager at the Harold L. Richards High School Oak Lawn." This all-encompassing description fails to distinguish between employees of the school and independent contractors. Paragraph 46 states in part "[t]he Defendants were all state actors acting under color of law." While Paragraph 47 states "Plaintiff was subjected to sexual harassment and abuse by Defendant Van Syckle. The harassment and abuse suffered by Plaintiff was based on her gender." The statements in Paragraphs 46-47 are unequivocal "legal conclusion[s] couched as a factual allegation[s]" Bell Atl. Corp., 550 U.S. at 555. Plaintiff fails to allege facts pertaining to Defendant Van Syckle's status as a "state actor" from which this Court could reasonably infer that Defendant Van Syckle was in fact acting under color of law. Further, Plaintiff fails to allege facts from which this Court could reasonably infer the existence of an alleged constitutional violation. As such, Count I should be dismissed as Plaintiff failed to sufficiently state a claim against Defendant Van Syckle under 42 USC § 1983.

Additionally, "…a single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." Cornfield by Lewis v. Consolidated High School Dist. No. 230, 991 F.2d 1316, 1326 (C.A.7 (Ill.), 1993) (citations omitted.) Plaintiff made no allegation in her Amended Complaint that Defendant Van Syckle is a policymaker from which the Court can make a reasonable inference. As such, Plaintiff's factual allegations are insufficient to establish that the Board of Education of the Community High School of District 218 acquiesced to any unconstitutional conduct and the

3

Court cannot reasonably infer otherwise. Therefore, Count I should be dismissed as Plaintiff failed to sufficiently state a claim against under 42 USC § 1983.

## B. REMOVAL TO STATE COURT

District courts have original jurisdiction over all actions arising under the Constitution and laws of the United States. 28 U.S. Code § 1331. With some limited exceptions, district courts shall have supplemental jurisdiction over all claims related to any civil action of which the court has original jurisdiction such that they are part of the same case or controversy. 28 U.S. Code § 1367(a). "District courts may decline to exercise supplemental jurisdiction… if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S. Code § 1367(c)(3). As Plaintiff's claim against Defendant Van Syckle under 42 USC § 1983 is entirely devoid, all remaining claims under Illinois state law to survive this Motion to Dismiss should be removed *sua sponte* to state court to be repled by Plaintiff.

## COUNT III: ASSAULT AND BATTERY

Plaintiff's Amended Complaint sets forth the exact same factual allegations as Plaintiff's original Complaint pertaining to Count III. This Court deemed these factual allegations insufficient when Defendant Van Syckle's Motion to Dismiss was granted.

## A. ASSAULT

Under Illinois law, a cause of action for assault must allege facts to establish "intentional conduct that places the plaintiff in reasonable apprehension of an immediate battery." Smith v. City of Chicago, 143 F. Supp.3d 741, 760 (N.D.Ill 2015). Paragraph 32 of Plaintiff's Amended Complaint alleges that Plaintiff observed a recording device pointed at her while she was getting dressed. Paragraph 33 states, "[t]errified by this horrific act, Plaintiff fled the locker area and hid from view close to the exit door which leads back to the pool area. Peeking out from her hiding

place, Plaintiff saw Van Syckle exit the entry way that leads to the observation window. Still in terror, she remained hidden." These allegations are not sufficient to state a claim for assault because they do not lead to a reasonable inference that Defendant Van Syckle was within sufficient proximity to Plaintiff from which Plaintiff could reasonable anticipate that an immediate battery was about to occur. Additionally, the allegations in Plaintiff's Amended Complaint are devoid of any facts from which the Court can infer that Defendant was within sufficient physical proximity to Plaintiff from which she could reasonably anticipate that a battery to her person could occur. As such, Plaintiff fails to state a claim for Assault against Defendant Van Syckle.

**B. BATTERY**

Plaintiff's Amended Complaint fails to set forth an allegation of any physical contact between Defendant Van Syckle and Plaintiff. With respect to Plaintiff's claim for battery, Illinois law provides that a battery occurs when there is "unauthorized touching' of another that 'offends a reasonable sense of personal dignity.'" Chelios v. Heavener, 520 F.3d 678, 692 (7th Cir. 2008) (internal citations omitted). Paragraph 66 of Plaintiff's Amended Complaint alleges "[a]s described in the preceding paragraphs, the conduct of Van Syckle…constituted unjustified and offensive contact of a sexual nature…" A review of the paragraphs preceding Paragraph 66 does not disclose any factual allegations of physical contact, authorized or unauthorized, between Defendant Van Syckle and Plaintiff. As a result, Plaintiff's Amended Complaint does not allege sufficient facts to establish the elements necessary to state a claim for battery. Additionally, the allegations in Plaintiff's Amended Complaint are devoid of any facts from which the Court can infer that there was any type of physical contact between Defendant and Plaintiff. As such, Plaintiff fails to state a claim for Battery against Defendant Van Syckle.

Therefore, Count III of Plaintiff's Amended Complaint fails to state a claim for Assault and Battery, and should be dismissed.

**COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Count V fails to set forth sufficient factual allegations to state a cause of action for Intentional Infliction of Emotional Distress.

> "The Illinois Supreme Court defines the tort of intentional infliction of emotional distress as: [first,] conduct... truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress.
>
> Doe 20 v. Bd. of Educ. of the Cmty. Unit Sch. Dist. No. 5, 680 F.Supp.2d 957 (C.D. Ill., 2010) (internal citations omitted.) Plaintiff alleges, in Paragraph 95 of her Amended Complaint, that Defendant Van Syckle's act of "videotaping Plaintiff…is extreme and outrageous." Paragraph 100 states "[t]he misconduct was undertaken with the intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability." These statements are, again, simply "legal conclusion[s] couched as a factual allegation[s]." (Bell Atl. Corp. v. Twombly, 550 U.S. at 555). Additionally, the allegations in Plaintiff's Amended Complaint are devoid of any facts from which the Court can infer that Defendant Van Syckle's alleged conduct was extreme or outrageous, or that Defendant either intended to inflict severe emotional distress by his alleged conduct or that there was a high probability of severe emotional distress as a result of such alleged conduct. As such, Count V should be dismissed as Plaintiff failed to sufficiently state a claim against Defendant Van Syckle for Intentional Infliction of Emotional Distress.

## COUNT VIII: FALSE IMPRISONMENT

Plaintiff's Amended Complaint sets forth the exact same factual allegations as Plaintiff's original Complaint pertaining to Count VIII. This Court deemed these factual allegations insufficient when Defendant Van Syckle's Motion to Dismiss was granted.

Plaintiff again fails to set forth, in its Amended Complaint, any factual allegations supporting the claim that Defendant restrained Plaintiff in any way. Under Illinois law, in order to state a claim for false imprisonment, a "plaintiff must allege that his personal liberty was unreasonably or unlawfully restrained against his will and that defendant(s) caused or procured the restraint." Arthur v. Lutheran General Hosp., Inc., 295 Ill.App.3d 818, 825-26 (1998) (citation omitted). Illinois courts have held that "unlawful restrain may be effected by words alone, by acts alone or both." Lopez v. Winchell's Donut House, 126 Ill.App.3d 46, 50 (1984) (citation omitted).

Plaintiff alleges specifically in Paragraph 33 that she "fled the locker area and hid from view close to the exit door which leads back to the pool area. Peaking out from her hiding place, Plaintiff saw Van Syckle exit the entry way that leads to the observation window. Still in terror, she remained hidden." These allegations do not contain any facts from which this Court can infer that Plaintiff was physically restrained by Defendant's conduct, as they simply allege that she was willfully hiding herself. In fact, Paragraph 34 specifically states, "Plaintiff was able to avoid Van Syckle" before exiting the locker room.

Additionally, Plaintiff's allegation that Defendant exited the entry way that leads to the observation window is insufficient to establish that Defendant created a physical battier between Plaintiff and the exit door or that this action in any way prevented Plaintiff from exiting through this door. The allegations in Plaintiff's Amended Complaint provide no specificity as to the

location of the Defendant with respect to the exit door or Plaintiff's person from which this Court can infer that Defendant's actions and/or words restrained Plaintiff. Furthermore, Plaintiff's Amended Complaint does not allege any words spoken alone or accompanied by any acts of the Defendant that would lead to a reasonable inference that Plaintiff felt restrained. As a result, Count VIII of Plaintiff's Amended Complaint fails to state a claim and should be dismissed.

## COUNT IX: INVASION OF PRIVACY

Under Illinois Law, a plaintiff may state a cause of action for invasion of privacy in four distinct ways: "(1) intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) public disclosure of private facts; and (4) publicity placing another in a false light." Busse v. Motorola, 351 Ill.App.3d 67, 71, 286 Ill.Dec. 320, 813 N.E.2d 1013, 1017 (2004) (citation omitted). Based on the allegations contained it Plaintiff's Amended Complaint, it appears that Plaintiff is attempting to state a claim under the first theory. However, Plaintiff has failed to do so.

Plaintiff must allege the following elements to state a claim for intrusion upon seclusion: "(1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive to a reasonable person; (3) the matter upon which the intrusion occurs is private; (4) the intrusion causes anguish and suffering." Schmidt v. Ameritech Illinois, 329 Ill.App.3d 1020, 1030–31, 263 Ill.Dec. 543, 768 N.E.2d 303, 310 (2002) (citations omitted). Plaintiff fails to allege in her Amended Complaint an unauthorized intrusion into her undetermined seclusion thereby preventing the Court from making such a reasonable inference. Plaintiff fails to assert any facts from which the Court may reasonably infer the private nature of the matter intruded upon. Additionally, the anguish or suffering alleged by plaintiff is mere legal conclusion. As a

8

result, Count IX of Plaintiff's Amended Complaint fails to state a claim for intrusion of seclusion and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant, Raymond Van Syckle, requests that this Court grant his Motion to Dismiss Counts I, III, V, VIII, and IX of Plaintiff's Amended Complaint be dismissed and attorneys fees as this Court deems appropriate.

    Respectfully Submitted,
RAYMOND VAN SYCKLE

Thomas T. Glasgow
Glasgow & Olsson      /s/ Thomas T. Glasgow
1834 Walden Office Square, Suite 575
Schaumburg, Illinois 60172
ARDC: 6220241
(847) 577-8700