IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, a minor, through her mother and father, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No.: 2016 CV 6646 |
| BOARD OF EDUCATION OF THE COMMUNITY HIGH SCHOOL DISTRICT 218, TY HARTING, individually and his official capacity, JOHN HALLBERG, individually and his official capacity, MIKE JACOBSON, individually and his official capacity, KEN STYLER, individually and his official capacity, RAYMOND VAN SYCKLE, individually and his official capacity, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS AND
STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Now come Defendants, BOARD OF EDUCATION OF THE COMMUNITY HIGH SCHOOL DISTRICT 218 ("District 218"), TY HARTING, JOHN HALLBERG, MIKE JACOBSON, and KEN STYLER (these four defendants will be collectively referred to as "Individual Defendants"), and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss this action with prejudice for Plaintiff's failure to state a claim upon which relief can be granted and further seeks to strike certain matters pursuant Federal Rule of Civil Procedure 12(f). In support thereof, Defendants state as follows:

**I.       INTRODUCTION**

Plaintiff's original Complaint was dismissed by this Court and Plaintiff was given leave to amend to remedy the inadequacies raised by Defendants. Plaintiff's Amended Complaint

should be dismissed with prejudice because it remains deficient in multiple respects. Plaintiff made no effort to specify what any of the individual defendants did to create liability and Plaintiff still relies almost exclusively on threadbare recitations of black letter law in her attempt to state various claims against District 218 and the Individual Defendants. To the extent she added any additional factual content, the new allegations are far short of what is necessary to plead a valid cause of action and frankly, provide additional support for the Defendants' Motion. This Court should dismiss this action pursuant to Rule 12(b)(6), because Plaintiff does not plead facts sufficient to support any of the claims contained in the multi-count Complaint.

Raymond Van Syckle, an employee of District 218, video recorded Plaintiff while she was getting undressed in the women's locker room at Richards High School. (Doc. 24, ¶¶30-32) Van Syckle was charged with a Class X felony related to the unauthorized video recording of a minor. *Id* at ¶42. The Amended Complaint again makes it clear that Van Syckle acted alone. *Id.* at ¶¶30-35. Van Syckle asked Plaintiff to leave swim class early so she could run an errand for him. As she was getting ready to enter the locker room to change, he informed her that she could not go into the typical changing place, which placed the Plaintiff in front of the window in the women's locker room. The window was blocked by a curtain that was affixed to a rod. (Doc. 24, ¶¶30-31). Plaintiff, while changing, looked up at the window and noticed the shower rod was bent down and that Van Syckle was recording her. (Doc. 24, ¶32). Plaintiff immediately reported Van Syckle to school administrators and on the same day Hallberg and Jacobson questioned Van Syckle, confiscated his cell phone (the recording device), and refused to give it back. (Doc. 24, ¶¶36-39). The Complaint does not allege that Van Syckle was ever allowed back in the building or that he ever had contact with Plaintiff at school after this event.

From these facts, Plaintiff unsuccessfully attempts to connect District 218 and individual

Defendants to Van Syckle's crime. While the allegations against Van Syckle are detailed, the allegations against the remaining Defendants are not. Every allegation against these five distinct Defendants consists of non-specific conclusions, directed at the entire group, devoid of any factual support. Liability is personal and each defendant is entitled to know what he or she did that is asserted to be wrongful. *Bank of America NA v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013). These threadbare allegations justify the dismissal of Plaintiff's Complaint with prejudice as to the remaining Defendants.

## II. <u>LEGAL STANDARD</u>

The following recitation of law was contained in Defendants' original Motion and is being repeated because Plaintiff again offers no facts to support her claims against Defendants (other than Van Syckle). On a Rule 12(b)(6) motion to dismiss, Courts accept as true, only well-pled facts, and not statements of law or unsupported conclusionary factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Yefitch v. Navistar Inc.*, 722 F. 3d 911, 915 (7th Cir. 2013). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief*." Ashcroft* at 678. The *Ashcroft* Court stated:

> As the Court held in *Twombly*, (citation omitted) , the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. (citation omitted) A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do (citation omitted) Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." (citation omitted) . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." (citation omitted) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., (citation omitted) The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent

> with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" (citation omitted)
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (citation omitted) ... Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.** [emphasis added] Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at (citation omitted). Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. (citation omitted) But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, at 662, 678-679.

*Yefitch,* cited above, is instructive because in that case, the plaintiffs were required to prove that the defendants acted arbitrarily and in bad faith. The *Yefitch* court emphasized that the plaintiffs' conclusions regarding the defendants' mental state were not factually sufficient to state a cause of action and dismissed the complaint with prejudice. As set forth more fully below, Plaintiff's Complaint similarly fails to provide sufficient factual matter to state a plausible claim for relief. As such, this Court should dismiss Plaintiff's Complaint with prejudice.

### III. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION UNDER SECTION 1983 AGAINST EITHER DISTRICT 218 OR HARTING, HALLBERG, JACOBSON OR STYLER AND THEREFORE COUNT I SHOULD BE DISMISSED

#### A. The Complaint fails to show that the alleged constitutional injury was caused by a person with final policy making authority

Plaintiff again pleads that her constitutional rights were violated by final policy makers because of sexual harassment and again fails to support this theory with anything but legal conclusions (Doc. 24, ¶¶46-47). The only facts in the complaint show that Van Syckle, and only

4

Van Syckle, was responsible for any constitutional violations suffered by Plaintiff when he videotaped her. It is well-established that a local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when the execution of a government's policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, inflicts the injury, that the government as an entity is responsible under Section 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 1978 US Lexis 100 (U.S. 1978). The 7th Circuit set forth three instances in which a municipality can be said to have violated the Civil Rights of a person and one such instance is when the constitutional injury was caused by a person with final policy making authority. *Baxter vs. Baxter vs. Vigo County School Corporation,* 26f 3rd 728, 735 (7th Cir. 1984). The identification of "policy making" officials is a question of state law. *St. Louis vs. Praprotink,* 485 US 112, 125, 108 S.Ct 915, 1988 US Lexis 1069 (1988). For example, under Illinois Law, the school board is the ultimate policy making body with regard to personnel decisions. 105 ILSC 5/10-20. A "final policy maker" is an authority under state or local law, with authority to set policy – i.e. to adopt rules for the conduct of the government; a final policy maker is not an official who merely possess authority to implement pre-existing rules. See, *Lovett-Cethus v. Village of Park Forest,* 30 F.3d 754 (N.D. Ill. 2014).

It appears that Plaintiff is seeking to pursue a 1983 claim against District 218 based on the final policy making authority theory of liability. Paragraph 54 of Plaintiff's Amended Complaint states:

> "The misconduct described in this count was undertaken by policymakers who possessed final authority to establish municipal policy with respect to the actions ordered."

There is nothing in the Complaint which explains the "misconduct" other than Van

Syckle's single act of recording the Plaintiff while she was undressing. There is nothing in the Complaint that can be fairly, or unfairly, described as official policy. There is nothing in the Complaint which identifies "the actions ordered," nor is there a single allegation which identifies any basis to determine if any Defendant was a "final policy maker." Van Syckle is described as a non-teacher employee who could not have final policy making authority. There is no factual information which allows this Court to infer Harting, Hallberg, Jacobson or Styler either engaged in misconduct, directed any misconduct, had final policy making authority on any subject related to Plaintiff's constitutional rights, or approved of any behavior whatsoever. At most, the amended complaint alleges that after receiving nonspecific complaints about the window in the girls locker room, the school covered it up with a curtain. (Doc. 24, ¶¶51-52). But this is not a constitutional violation and it is not the violation complained of by Plaintiff. Accordingly, this Count must be dismissed.

> **B.     Plaintiff has failed to plead a 1983 violation against Defendants Harting, Hallberg, Jacobson and Styler.**

It is well-established that liability under Section 1983 does not attach unless the individual defendant caused or participated in a constitutional deprivation. *Hillbrand v. Illinois Department of Natural Resources*, 347 F. 3d 1014, 1039 (7th Cir. 2003). *Doyle v. Camelot Care Centers Inc.* 305 F. 3d 603, 614 (7th Circuit 2002). First, the Complaint is insufficient because Plaintiff fails to separately describe the liability of each Defendant. Generally, offering all allegations to the Defendants as a group is not permitted. Liability is personal and each defendant is entitled to know what he or she did that is asserted to be wrongful. *Bank of America NA v. Knight*, 725 F. 3d 815, 818 (7th Cir. 2013). A complaint based on a theory of collective responsibility must be dismissed. *Id.* There is not a single allegation in the Complaint, other than the introductory allegations regarding each individual Defendant's position with District

6

218 that differentiates between any of the four non-Van Syckle individual Defendants. Plaintiff's allegation that the individual Defendants sexually harassed, abused, and discriminated against Plaintiff or because of her gender (¶47) is an improper conclusion unsupported by any facts. Plaintiff was given an opportunity to amend with specific allegations explaining how each of these four individuals were personally responsible for the constitutional violation arising out of Van Syckle's action; she failed again. Count I should be dismissed with prejudice.

### IV. PLAINTIFF HAS FAILED TO STATE A GENDER CLAIM UNDER TITLE IX, AND THEREFORE COUNT II SHOULD BE DISMISSED AGAINST DISTRICT 218

Plaintiff alleges some conclusions that set forth the basic elements of a Title IX claim. However, there are no specific facts that provide any support for these conclusions. It is well established that to succeed on a Title IX claim for discrimination based on sexual harassment Plaintiff must demonstrate that the school was *deliberately indifferent* to acts of harassment of which the school had *actual knowledge* and the school had substantial control over the harasser and the context in which the known harassment occurred. The harassment must be so pervasive and severe that it *altered the condition of Plaintiff's education*. *Doe II v. McClaine County Unit District 5 Board of Directors*, 593 F. 3d 507 (7th Cir. 2010). [emphasis added].

#### A. Notice.

Plaintiff alleges that Plaintiff was subjected to sexual harassment and abuse by Defendant Van Syckle (Doc. 24, ¶59). Further, District 218 had direct knowledge and/or actual notice of Van Syckle's previous record of sexual activities directed toward female students (grooming for possible sexual exploitation) but was deliberately indifferent to Van Syckle's misconduct (¶61). Although Plaintiff alleges Van Syckle groomed at least two other female students for possible exploitation, it does not allege Van Syckle sexually exploited these other students or that the

7

District had actual knowledge of any sexual exploitation prior to this incident. This generic conclusion does not support actual notice. Indeed, the Amended Complaint demonstrates Plaintiff had only one encounter with Van Syckle, and there were no encounters at all which were reported, let alone any in which Van Syckle videotaped any other student.

**B.     Deliberate Indifference.**

Plaintiff must demonstrate the school was deliberately indifferent to acts of harassment of which the school had actual knowledge. *Doe II v. McClaine County Unit District 5 Board of Directors*, 593 F.3d 507 (7th Cir. 2010). Assuming for the sake of argument this court finds actual notice present, there is still no facts which support deliberate indifference. The Amended Complaint pleads facts which show the opposite of indifference. On the day of the incident, Hallberg and Jacobson questioned Van Syckle and confiscated his phone. (Doc. 24, ¶¶36-39) He was removed from the premises and there is no allegation in the Complaint that he was ever allowed back in the building. In fact, he was arrested and prosecuted. There is an allegation that the District knew Van Syckle "groomed", but did not exploit, two students. The use of this term is itself a non specific factual conclusion subject to broad and uncertain interpretation.[1] (Doc. 24, ¶61) Notwithstanding, according to the Amended Complaint, in response, Van Syckle was "warned to avoid further contact." There is no allegation this warning was ignored. *Id*. In response to a complaint about the locker room window, the school covered it. *Id*. at ¶62. There were three complaints referenced in the Amended Complaint and the defendants took steps to address each of them, according to Plaintiff.

**C.     Altered the Condition of Plaintiff's Education.**

While Plaintiff has alleged conclusions that her education was altered (Doc. 24, ¶60) she

---

[1] When pleading prior facts to support the element of notice, alleging facts that reveal a similarity to the complained of conduct is fundamental. "Grooming" does not meet this requirement.

has not alleged any facts, in violation of the pleading requirements set forth above, even though her first complaint was dismissed after raising this issue. It would have been simple to identify the curricular and extracurricular activities she withdrew from as a result of the gender discrimination, as alleged in ¶60. It would have been easy to detail how her academic achievement was effected. Instead of alleging rudimentary facts, she alleged threadbare conclusions in her Amended Complaint.

V. **COUNT IV OF PLAINTIFF'S COMPLAINT AGAINST ALL DEFENDANTS FOR WILLFUL AND WANTON RETENTION AND FAILURE TO SUPERVISE VAN SYCKLE SHOULD BE DISMISSED FOR FAILING TO STATE A CAUSE OF ACTION**

    A.    **Insufficient Factual Basis of Prior Knowledge or Similar Incidents**

To successfully maintain a willful and wanton failure to supervise claim against a public entity, plaintiff must show that the defendant engaged in a course of action that proximately caused the plaintiff's injuries, including having prior knowledge of similar incidents. Willful and wanton means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others. 745 ILCS 10/1-201.

Inadvertence, incompetence or unskillfulness does not constitute willful and wanton conduct. *Floyd v. Rockford Park District*, 355 Ill. App. 3d 695, 823 N.E. 2d 1004 (2nd Dist. 2005). Pleading these elements of willful and wanton in a conclusory fashion is improper. *S.J. v. Perspectives Charter Sch.*, 685 F. Supp. 2d 847, 2010 U.S. Dist. LEXIS 11052 (N.D. Ill. 2010). In *S.J. v. Perspectives Charter Sch.*, the complaint failed to allege or describe any facts tending to show a course of action or prior knowledge of similar incidents on part of the defendants. *Id.* at 859. Hence, the court properly dismissed the Plaintiff's claim with prejudice for failure to supervise. *Id.* This Court should do the same. "Grooming," (whatever that means) for possible

exploitation is not the same as videotaping a female student while she undresses. As set forth above in the "deliberate indifference" section the defendants were reasonably responsive to all complaints and problems referenced in the Amended complaint.

### B. The Plaintiff's Complaint establishes full immunity under 745 ILCS 10/2-201

Generally, the hiring, firing and supervision of a school employee involves the determination of policy and the exercise of discretion. *See, Moore v. Bd. of Educ. of Chi.*, 300 F. Supp. 2d 641, 644 2004 U.S. Dist. LEXIS 4156 (N.D. Ill. 2004).

In *Moore*, the court noted that the defendants handling of the plaintiff's complaint against the teacher for misconduct involving racial issues as well as its decision to retain the teacher after the complaint, constituted policy decisions and acts of discretion. *Id.* The Court held defendant was immune under 745 ILCS 10/2-201 even if the discretionary acts rose to the level of willful and wanton conduct. *Id.* at 645. Section 2-201 does not contain an exception for willful and wanton conduct and Section 2-201 provides complete immunity for both negligence and willful and wanton conduct. *Chicago Flood Litigation*, 176 Ill. 2d 179 (Ill. 1997). Even if Plaintiff alleged facts to support this Count, which Plaintiff has not, District 218 and its employees are immune and the Amended Complaint should be dismissed with prejudice.

### VI. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND, THEREFORE, COUNT V SHOULD BE DISMISSED

Count V claims that the individual Defendants "engaged in extreme and outrageous conduct with respect to the Plaintiff." (Doc. 24, ¶98). This is not much different than the "deliberate indifference" argument or the "willful and wanton" allegations referenced above. The primary allegation against District 218 and Harting, Hallberg, Jacobson and Styler is that they allowed Plaintiff to be videotaped for the purpose of sexual exploitation, which is extreme and

outrageous conduct (¶95). See *Doe v. Bd. of Educ. of the Cmty. Unit Sch. Dist. No. 5*, 680 F. Supp. 2d 957, 2010 U.S. Dist. LEXIS 1902 (C.D. Ill. 2010).

As stated many times, all of the allegations against the Defendants are lumped together and there are no specific facts that are directed towards Harting, Hallberg, Jacobson, and Styler, except that Hallberg and Jacobson clearly responded to the Plaintiff's report on the day of the incident which prompted an immediate investigation that resulted in the confiscation of Van Syckle's cell phone and his ultimate arrest. Those facts are certainly not extreme or outrageous. This Count should therefore be dismissed.

### VII. PLAINTIFF FAILED TO STATE A CAUSE OF ACTION UNDER THE ILLINOIS PREMISES LIABILITY ACT

Count V of Plaintiff's Complaint seeks liability against District 218 because it failed to exercise ordinary care to maintain its property at Richards High School in a reasonably safe condition by allowing Van Syckle to access private areas of the girl's locker room by way of a secret observation room that was hidden by a plastic curtain. (¶106)

Under the Premises Liability Act, Plaintiff has the burden of proving: (1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises; (2) that the defendant knew or should have known that the condition posed an unreasonable risk of harm; (3) that the defendant should have anticipated that the individual would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) injuries suffered by the plaintiff; (6) that the condition of the property was a proximate cause of the injury to the plaintiff. *Jordan v. National Steel Corp.*, 183 Ill. 2d 448, 454, 708 N.E. 2d 1092 (1998).

This is simply not a premises liability case. Ignoring for the moment whether a window to the girl's locker room, covered by a shower rod and curtain, was an unreasonably dangerous

11

condition, this condition was not the proximate cause of Plaintiff's injury. See, *S.J. v. Perspectives Charter Sch.*, 685 F. Supp. 2d 847, 860, 2010 U.S. Dist. LEXIS 11052 (N.D. Ill. 2010). As alleged in the Complaint, Van Syckle manipulated the Plaintiff into changing in front of the covered window. He then bent the curtain rod, which allowed him to video record the Plaintiff as she undressed. (Complaint, ¶¶30-32). The sole proximate cause of this event was Van Syckle's conduct.

In a premises liability case, there is generally no duty on part of the owner to protect against the criminal acts of a third-party. See, *McKenna v. Allied Barton SCC Services*, 2015 Ill. App 1st 13341, 35 N.E. 3d 1007 (Ill. App. Ct. 1st Dist. 2015). Although Plaintiff alleged previous complaints about this window, she also alleged that the school covered it in response to the complaints; it is important to note the complaints did not relate to videotaping. There are no allegations that the school knew or should have known that the curtain would be forcible circumvented. There are no allegations that criminal conduct was allowed to proceed because of the covered window.

## VIII. <u>INVASION OF PRIVACY</u>

Count IX of Plaintiff's Complaint seeks to impose liability against District 218 and Van Syckle under an invasion of privacy theory. It is well established that an employer can be liable for the torts of its employees under the theory of respondeat superior. However, the employer must be acting in the scope of his employment when the tort is committed for the employer to be liable. *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 862 N.E.2d 985, 2007 Ill. LEXIS 4, 308 Ill. Dec. 782 (Ill. 2007). Plaintiff made no attempt to allege Van Syckle was acting in the scope of his employment when he committed a felony. When no reasonable person could conclude from the evidence that an employee was acting within the scope of employment, the Court can

rule on this issue as a matter of law. *Id at 993.* No reasonable person could conclude that Van Syckle was serving the interest of the District or engaging in conduct he was hired to perform when he committed his felony. As such, this Count should be dismissed as to District 218.

### IX. <u>**PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN**</u>

Plaintiff, in its "WHEREFORE" clause, requested "punitive damages to the extent they are available." Pursuant to Federal Rule of Civil Procedure 12(f), this Court has authority to strike from a pleading, any redundant, immaterial, or impertinent or scandalous matter. The request for relief for punitive damages should be stricken as immaterial in that there are no allegations which claim, yet alone support, that Harting, Hallberg, Jacobson or Styler were ever acting outside of their official capacities. District 218 has unqualified immunity from punitive damages pursuant to 745 ILCS 10/2-102 and that this section also applies to public officials, while serving in an official capacity.

This act broadly governs discretionary actions. *Short v. Nolan*, 2010 U.S. District Lexis 2983, (C.D. Ill. 2010). There is not a single allegation which provides any basis to understand what these individuals did or did not do that would allow them to be sued in their individual capacity and therefore subject to punitive damages. This scare tactic should be removed.

### X. <u>**PLAINTIFF'S ALLEGATIONS RELATING TO THE ILLINOIS ABUSED AND NEGLECTED CHILD REPORTING ACT (ANCRA) SHOULD BE STRICKEN**</u>

Paragraph 87 of Plaintiff's Amended Complaint alleges each individual defendant failed to immediately report allegations of child abuse by Van Syckle to the Illinois Department of Children and Family Services. Pursuant to Federal Rule of Civil Procedure 12(f), this Court has authority to strike from a pleading, any redundant, immaterial, or impertinent or scandalous matter. The references to ANCRA, 325 ILCS 5/1 *at seq.* should be stricken as immaterial. It is well established that a violation of the reporting requirement under ANCRA does not create a

private right of action. *Cuyler v. United States*, 362 F. 3d 949, 2004 U.S. App. Lexis 5837 (7th Cir. IL 2004).

## XI. CONCLUSION

Plaintiff has attempted to cure the several deficiencies in each count of the original Complaint and has failed miserably. She simply cannot take the sole criminal act of one defendant and implicate unrelated entities through unsupported conclusions and inapplicable theories. Based on the incurable deficiencies outlined above, the Defendants, BOARD OF EDUCATION OF THE COMMUNITY HIGH SCHOOL DISTRICT 218, TY HARTING, JOHN HALLBERG, MIKE JACOBSON, and KEN STYLER ask that the Complaint be dismissed with prejudice.

Respectfully submitted,

NIELSEN, ZEHE & ANTAS, P.C.

By: /s/ Jeffrey R. Zehe
Jeffrey R. Zehe
Robert J. Lentz
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
(312) 322-9900
E: jzehe@nzalaw.com
E: rlentz@nzalaw.com
Attorney Firm ID# 44274
***Attorneys for Defendants***